*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2015-181

JUNE TERM, 2016

| | |
|---|---|
| In re Joseph Bruyette | } APPEALED FROM: |
| | } |
| | } Superior Court, Rutland Unit, |
| | } Civil Division |
| | } |
| | } DOCKET NO. 549-9-14 Rdcv |
| | |
| | Trial Judge: Cortland Corsones |

In the above-entitled cause, the Clerk will enter:

Defendant appeals pro se from a decision of the Rutland Superior Court, civil division dismissing his motion to vacate or correct an illegal sentence. We affirm.

In a recent three-justice-panel decision, we affirmed the decision of the Windham Superior Court, civil division, dismissing a post-conviction-relief (PCR) petition from petitioner due to improper venue. See In re Bruyette, No. 2015-141, 2016 WL 2848696 (Vt. May 12, 2016) (unpub. mem.), https://www.vermontjudiciary.org/UPEO2011Present/eo15-141.pdf. In 1990, defendant was convicted by a jury of burglary and sexual assault in Windham District Court. At that time, the district courts had jurisdiction over criminal proceedings before the restructuring of the trial courts transferred such jurisdiction to the criminal division of the Vermont Superior Court. The venue for defendant's trial had been transferred, at defendant's request, from the Rutland District Court. Following the jury verdicts, however, the case was transferred back to the Rutland District Court for sentencing. In multiple filings over several years, defendant has argued that his sentencing in the Rutland court following his conviction in the Windham court was unlawful because the Rutland court lacked jurisdiction over the matter.

In August 2014, based on this argument, petitioner filed an identical motion to vacate or correct an illegal sentence pursuant to V.R.Cr.P. 35 in the criminal division of both the Rutland and Windham Superior Courts. In an October 8, 2014 decision, the Rutland Superior Court rejected the argument. The court ruled that even if defendant was sentenced in the wrong venue, the district court was vested with statewide jurisdiction to try, render judgment, and pass sentence in prosecutions for felonies, and thus the court had jurisdiction to sentence petitioner. The court further ruled that even if the Rutland District Court had lacked jurisdiction, petitioner's failure to raise the claim at the time of his sentencing constituted a waiver. Petitioner did not appeal that decision.

Meanwhile, the Windham Superior Court, criminal division, determined that petitioner's identical Rule 35 motion was actually a PCR petition, and, because PCR is a civil action, it transferred the petition to the civil division of the Rutland Superior Court. This is the case before us in the instant appeal. After holding a status conference in which petitioner participated by telephone, the Rutland court dismissed the instant petition, ruling as follows: "Based on the

Rutland Criminal Division decision filed October 8, 2014 and for the reasons placed on the record today by the court, the court determines that this motion [to vacate or correct an illegal sentence] is moot, and the case is dismissed." Because petitioner did not order a transcript of the status conference, we have no record of the reasons provided by the court, other than what was stated in the October 8, 2014 decision.

On appeal, in addition to raising other claims unrelated to claims he raised in the superior court, defendant again asserts that venue over his criminal case was improperly returned to the Rutland District Court for sentencing following the conclusion of his trial, thereby rendering his sentence unlawful. We find no merit to this argument. As noted, defendant sought a transfer of "the trial" in this case from Rutland District Court to Windham District Court, arguing that he could not get "a fair trial" in Rutland County because media reports had prejudiced the Rutland community against him. Judge Hudson granted the motion and presided over the jury trial in Windham County. See V.R.Cr.P. 21(a) ("The court upon motion of the defendant shall transfer the proceeding . . . to another unit . . . if the court is satisfied that there exists in the unit where the prosecution is pending so great a prejudice against the defendant that he or she cannot obtain a fair and impartial <u>trial</u> there." (emphasis added)).

Following the jury's guilty verdicts on several of the counts with which defendant was charged, the case was transferred back to Rutland County for the sentencing, as is permissible under our venue rules, which were in place at the time of defendant's trial and sentencing. See V.R.Cr.P. 21(b) ("For the convenience of parties and witnesses, and in the interest of justice, the court upon motion of the defendant <u>or on its own motion</u> may transfer the proceeding . . . to another unit" (emphasis added)). Judge Hudson, the same judge who presided over defendant's trial in Windham District Court, sentenced defendant in Rutland District Court.

At the time defendant was tried and sentenced, jurisdiction over the prosecution of felonies was vested generally in the district court, as opposed to any particular unit of that court. See 4 V.S.A. § 439 ("The district court shall have jurisdiction to try, render judgment and pass sentence in prosecutions for felonies.") (added 1967, No. 194; repealed 2009, No. 154 (Adj. Sess.). The purpose of Rule 21(a) is to give the defendant an opportunity to have his or her criminal proceeding transferred from a county where he or she may not be able to get a fair trial. The focus is on the fairness of the trial because of the danger that jurors could be prejudiced against the defendant by media reports of the crime for which the defendant is charged in the area where it occurred.

Following the jury verdicts in this case, the court transferred the proceeding back to the Rutland District Court, presumably because the danger of an unfair trial no longer existed and the original venue was more convenient. As indicated above, Rule 21(b) specifically allows the court to do so on its own motion. Notably, the same judge who presided over the trial also presided over the sentencing hearing. Thus, defendant's jurisdictional claim is based purely on a technicality—that the judge was sitting in a Rutland courtroom rather than a Windham courtroom when he presided over the sentencing hearing.

We conclude that the venue transfer was not unlawful, and that even if it had been, the error would not have deprived the Rutland District Court of jurisdiction over defendant's sentencing hearing. See <u>State v. Hunt</u>, 150 Vt. 483, 490-91 (1988) ("Even if venue were improperly placed in the superior court, this error in no way affects the general jurisdiction of the court over the subject-matter." (quotation omitted)). Finally, to the extent that defendant is

2

making additional claims in this Court, they are not properly before us because they were not raised below.

       <u>Affirmed</u>.

BY THE COURT:

_____
John A. Dooley, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Beth Robinson, Associate Justice

3